Follett, Ch. J.
(dissenting).—I cannot assent to either of these judgments. The husband was by law' bound to support his wife so long as the marital relation existed. As a substitute for that obligation, the husband contracted to pay fixed sums at stated times in the future, in consideration of which the wife and her next friend contracted to relieve the husband from his obligation. The contract arose out of the rights and liabilities of the marital relation, was wholly executory, and rested on the presumption that the relation and those rights and liabilities would continue. The judgment dissolving the relation cut down the consideration upon which the executory stipulations rested and destroyed the contract. The defendant was no longer under any obligation to support the plaintiff as his wife, for she was not his wife.- The stipulation of the woman and of her next friend, that they would save the man harmless from his obligation to support her, was without further foundation or consideration. Under the statutes the court, upon the dissolution of the marriage, was free to fix the amount which the man should thereafter pay for the future support of the woman. It is said the parties have contracted and have not limited the duration of the contract to the period during which the relation of husband and wife should exist This relation is initiated by contract, but when established it ceases to exist solely by virtue of the contract, and becomes a status in which, and in the obligations arising out of it, the state has an interest, and public policy forbids that its obligations shall be made the subject of bargain and sale, like rights in property as may suit the caprice of the parties.
The consequences which may flow from judgments affecting an institution which is the recognized foundation of civilization, should be regarded. Suppose that a husband and wife, who have separated, afterwards contract to live apart, the husband agreeing to pay stipulated sums at fixed times for the support of his wife, ana the wife and her next friend contract to save the husband harmless from his obligation to support her. Subsequently, the wife lives in open adultery, it may be with the next friend. Under the doctrine of these judgments, it seems to me that the husband would be compelled to continue the payment for the support of' the woman and her paramour. But it is said that such consequences may be prevented by the insertion of appropriate stipulations • in future contracts, but I think consequences so pregnant with evil to the marital relation ought not to be left to the chance of contract. It must be remembered that we are not dealing with executed contracts by which property has been conveyed in consideration of the relation, nor with contracts between husband and wife resting upon their rights of property.